# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| CLAUDIA DEL SOCORO OBANDO CONDE | CIVIL ACTION NO. 26-856-P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (Doc. 3) filed on behalf of Claudia del Socoro Obando Conde ("Petitioner"). Petitioner is an immigration detainee at the Richwood Correctional Center seeking release from detention or, in the alternative, an individualized bond hearing. According to the habeas petition (Doc. 1), Petitioner is a national and citizen of Nicaragua who entered the United States without admission or inspection on or about December 5, 2022. Petitioner encountered immigration officials at the border and was detained for processing. Petitioner was then released on parole into the United States by the Department of Homeland Security. Petitioner was detained on July 23, 2025 while attending a check-in with ICE. Petitioner filed for a bond but was denied a potential hearing due to being in the wrong court.

Petitioner argues that her unlawful detention is in violation of the Immigration and Nationality Act. Petitioner argues that her unlawful detention is in violation of the bond regulations. Petitioner argues that her unlawful detention violates the Due Process Clause of the Fifth Amendment.

In this Motion to Show Cause (Doc. 3), Petitioner asks the court to order Respondents to respond to her habeas petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations."   Danforth v. Minnesota, 552 U.S. 264, 278 (2008).   The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241.  See Maniar v. Warden Pine Prairie Corr. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; See also, Taylor v. Gusman, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion.  See Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243).  Before

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. See Hickey v. Adler, 2008 WL 3835764, (E.D. Cal. 2008); Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); Wyant v. Edwards, 952 F.Supp. 348 (S.D.W. Va. 1997).

requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation.  See Baker v. Middlebrooks, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); Hickey v. Adler, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause within three days (Doc. 3) is **DENIED**.

However, because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the habeas petition (Doc. 1) within **21 days** of the date of this Order, or the date of service of the Petition on the United States Attorney for the Western District of Louisiana, whichever is later.  Petitioner shall have **seven days** to reply.

After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing.  If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 14th day of April 2026.



Mark L. Hornsby
U.S. Magistrate Judge